UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL WESTON,

        Petitioner,

        v.                                                       Case No. 04-C-0418

QUALA CHAMPAGNE,

        Respondent.

_____

ORDER

On August 3, 2005, the petitioner filed a motion for summary judgment. The petitioner contends that the respondent admitted all of the claims made in the petition because the respondent filed a motion to dismiss rather than an answer. The court denies the petitioner's frivolous motion for summary judgment.

The court also denies the petitioner's alternative request to release the petitioner on bail. The petitioner contends that this action has "languished" in federal court and that the "sole action" consists of the court's March 31, 2005 briefing schedule. The petitioner filed his petition on April 30, 2004. The petitioner filed a motion for recusal. On October 27, 2004, Judge Rudolph T. Randa recused himself and reassigned the case to Magistrate Judge William E. Callahan. On November 23, 2004, Judge Callahan recommended that the

petition be dismissed as a "second or successive" petition, and the action was reassigned to Judge J.P. Stadtmueller. The petitioner filed objections to the recommendation. On January 19, 2005, the court ordered the petitioner to submit his petition on a court-created form. The petitioner requested that he be excused from complying with such a requirement, and the court granted his request. On March 31, 2005, the court set a briefing schedule. On May 2, 2005, the respondent filed a motion to dismiss. The petitioner filed a response on May 6, 2005, and a supplemental response on July 5, 2005. Less than a month later, on August 3, 2005, the respondent filed his motion for summary judgment. Weston's petition has received the attention of three judges, his various motions have been addressed, and the court has permitted him to submit his petition in the form of a sixty-three page memorandum which the court has closely scrutinized. The court shares the petitioner's wish that justice be dispensed in a swift fashion. The court, however, finds no cause to release the petitioner on bail.

On August 2, 2005, counsel for the petitioner wrote a letter to the court. In the letter, counsel indicates that the petitioner is simultaneously litigating issues in state court that relate to the issues raised in his federal habeas petition. Within twenty (20) days from the date of this order, the petitioner shall notify the court whether he is in the process of exhausting his state court remedies.

The petitioner shall clearly document any and all proceedings in state and federal courts related to the claims in his petition.

Within twenty (20) days from the petitioner's filing, the respondent shall file a reply. In the reply, the respondent shall indicate whether this action should be held in abeyance or whether there are any additional procedural bars to the plaintiff's petition. Moreover, the respondent shall reply to the arguments set forth in the petitioner's May 6, 2005 brief in opposition to respondent's motion to dismiss.

Citing *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005), counsel for the respondent also suggests that the petitioner's habeas action should have been brought under 42 U.S.C. § 1983. Unlike the prisoners in *Wilkinson*, Weston seeks "immediate release" and "complete discharge from all of his state sentences." (April 30, 2004 habeas petition, at 1, 62.) Because the petitioner challenges the "fact or duration of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973), the petitioner must seek federal habeas relief.

Accordingly,

IT IS ORDERED that the petitioner's motion for summary judgment be and the same is hereby DENIED;

IT IS FURTHER ORDERED that within twenty (20) days from the date of this order, the petitioner notify the court whether he is in the process

of exhausting his state court remedies; the petitioner shall clearly document any and all proceedings in state and federal courts related to the claims in his petition; the respondent shall file a reply within twenty (20) days from the date of the petitioner's filing.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2005.

BY THE COURT:

s/J.P. Stadtmueller
J.P. Stadtmueller
U.S. District Judge