UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL WESTON,

        Petitioner,

        v.                                        Case No. 04-C-0418

QUALA CHAMPAGNE,

        Respondent.

_____

O R D E R

On April 30, 2004, the petitioner, Michael Weston, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although pinpointing Weston's precise claim within his 62 page petition is somewhat difficult, Weston claims that a 1994 directive by then-Governor Tommy Thompson issued to the Department of Corrections states, "The policy of this Administration is to keep violent offenders in prison as long as possible under the law." (See habeas petition at 12-13.) Weston claims that the directive abolished meaningful parole eligibility. (*Id.* at 14.)

Weston, however, filed a habeas petition several years earlier, alleging the same claim. On December 7, 2000, Weston filed a petition for a writ of habeas corpus in the Eastern District of Wisconsin, *Weston v. Borgen*, No. 00-C-1550 (E.D. Wis. 2000). That case was randomly assigned to United States District

Judge Rudolph T. Randa. Judge Randa denied the petition on October 23, 2001. Judge Randa identified the issue raised by Weston's petition to be predicated on Weston's assertion that he would be denied mandatory release when his mandatory release date arrived. In Judge Randa's view, Weston's assertion was based upon Tommy Thompson's 1994 directive. Because Weston's mandatory release date had not yet arrived, Judge Randa denied Weston's habeas petition as premature. Judge Randa stated, "There is no evidence that these 'efforts' [to keep violent offenders in jail] have been, or even will be, directed towards keeping Weston in prison past his mandatory release date." (Decision and Order of 10/23/01 at 2.)

Weston did not appeal Judge Randa's decision to the Seventh Circuit Court of Appeals. Instead, he filed another habeas petition in the United States District Court for the Western District of Wisconsin. *See Michael Weston v. Deirde Morgan,* No. 02-C-196-C (W.D. Wis. 2002). On April 15, 2002, United States District Judge Barbara Crabb dismissed that petition as a "second or successive" petition under 28 U.S.C. § 2244(b)(1). Weston did not appeal that decision to the Seventh Circuit Court of Appeals. Instead, he filed a third federal habeas petition, the instant petition, in the United States District Court for the Eastern District of Wisconsin.

The petitioner filed this action on April 30, 2004. The action was assigned to Chief Judge Rudolph T. Randa. Judge Randa recused himself from the case on October 27, 2004, and the case was reassigned to United States Magistrate Judge William E. Callahan. On November 23, 2004, Judge Callahan recommended that the action be dismissed as a "second or successive" petition. The case was reassigned to United States District Judge J. P. Stadtmueller. Weston filed objections to the Recommendation. In a January 19, 2005 order, Judge Stadtmueller identified Weston's claim as a challenge to his mandatory release date. Drawing upon *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998), Judge Stadtmueller held that this action was not a second or successive petition pursuant to 28 U.S.C. § 2244(b) because Weston sought to raise a claim that was previously dismissed as premature and not decided on the merits.

On May 2, 2005, the respondent filed a motion to dismiss on the basis that (1) the petition was not timely filed; (2) the petition was barred by procedural default; and (3) the petition was barred by the "law of the case" doctrine. Weston filed a brief in opposition to the motion to dismiss, and the respondent has filed a reply brief.

Although the court previously determined that Weston's instant petition is not a second or successive petition, prudential considerations persuade this

court to defer to Judge Randa's ruling that this action is "premature" unless and until Weston remains in custody on his mandatory release date. If the court were to take a fresh look at the claims in Weston's petition, the court would permit the type of repetitive forum-shopping that 28 U.S.C. § 2244(a) is designed to prevent. If Weston did not like Judge Randa's ruling, he was obligated to appeal to the Seventh Circuit Court of Appeals. There is no suggestion in the record that Weston has reached his mandatory release date. In deference to Judge Randa's ruling, the court denies the petition as premature.

Accordingly,

IT IS ORDERED that the respondent's motion to dismiss be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the petition be and the same is hereby DISMISSED.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this <u>  13th  </u> day of September, 2005.

BY THE COURT:

<u>  s/ J. P. Stadtmueller  </u>
J. P. Stadtmueller
U.S. District Judge